## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, )<br>        Plaintiff, )<br>         )<br>v. )<br>         )<br>Branden Tobias Hurt, )<br>        Defendant. ) | **ORDER GRANTING MOTION<br>FOR RECONSIDERATION**<br><br>Case No.: 1:25-cr-00158 |

On August 20, 2025, Defendant filed a *Motion for Release* (Doc. No. 26), advising he had been accepted into the F5 Project in Bismarck, North Dakota. On August 21, 2025, the United States filed a response in opposition to Defendant's motion. (Doc. No. 27). On August 22, 2025, the court deferred ruling on Defendant's motion pending the receipt of a travel itinerary. (Doc. No. 28). On August 28, 2025, the court denied without prejudice Defendant's motion for release from custody as no travel plan had been provided. (Doc. No. 29).

The same day, Defendant filed a *Motion for Reconsideration*. (Doc. No. 30). Defendant advised he received confirmation from the F5 Project that a bed is available and a representative of the F5 Project is available to transport Defendant to their facility

Based on the updated information provided, the court is inclined to **GRANT** Defendant's motion. (Doc. No. 30). Defendant shall be released no earlier than 12:00 PM on August 29, 2025, to a representative of the F5 Project for immediate transport to the F5 Project. Defendant's release shall be subject to the following conditions:

1) Defendant must not violate federal, state, tribal, or local law while on release.

2) Defendant must appear in court as required and must surrender to serve any sentence imposed.

3) Defendant shall report to the Pretrial Services officer at such times and in such manner as designated by the Officer.

4) Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to North Dakota.

5) Defendant shall refrain from: any use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; any use of medical marijuana; and any use of inhalants. Defendant shall submit to drug/alcohol screening or participate in a remote alcohol testing program using continuous electronic alcohol testing at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test result.

6) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

7) Defendant shall not knowingly or intentionally have any direct or indirect contact with witness(es), except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

8) Defendant shall undergo a substance abuse and/or mental health evaluation if required by the Pretrial Services Officer and comply with resulting counseling or treatment recommendations.

9) Defendant shall reside at the F5 Project and shall participate in the center's programs and abide by its rules and regulations.

10) Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from the F5 Project OR to communicate with the F5 Project about the Defendant's progress there.

    Any overnight passes from the F5 Project must be approved by the Pretrial Services Officer.

    While residing at the F5 Project, Defendant must seek and maintain employment. Employment must be approved by the Pretrial Services Officer.

    If for any reason Defendant is terminated from the F5 Project, the Defendant must immediately surrender to the custody of the United States Marshal.

    At least 96 hours prior to anticipated transition from the F5 Project to another residence, Defendant must advise the Pretrial Services Officer of the anticipate transition date so that the Court can review the Defendant's release status.

11) Defendant shall submit Defendant's person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of pretrial release. Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition. The Pretrial Services Officer may conduct a search under this condition only when reasonable suspicion exists that the Defendant has violated a condition of release and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

12) Defendant shall maintain or actively seek employment. Employment must be approved by the Pretrial Services Officer.

13) Defendant shall surrender any passport and other foreign travel document(s) to the United States Probation and Pretrial Services Office.

14) Defendant shall not obtain a passport and other foreign travel document(s).

15) Defendant must report as soon as possible, to the pretrial services of supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

**IT IS SO ORDERED.**

Dated this 29th day of August, 2025.

                                  */s/ Clare R. Hochhalter*
                                  Clare R. Hochhalter, Magistrate Judge
                                  United States District Court